# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CAROL PRESLEY,

        Plaintiff,

-vs-                Case No. 6:10-cv-351-Orl-18GJK

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (Doc. No. 26)** |
| **FILED:** | **November 2, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.**

  On August 4, 2011, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (hereafter "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 25. Plaintiff, Carol Presley, now moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereafter "EAJA"), for an award of attorney's fees (hereafter "Motion"). Doc. No. 26. In the Motion, Plaintiff requests the Court

1

award attorney's fees in the amount of $5,253.69 "to be paid directly to plaintiff's attorney pursuant to the attached assignment." Doc. No. 26 at 1.

In the Motion, counsel for Plaintiff, Shea A. Fugate, Esq., states that she performed 30.7 hours of work on the case in 2010 and 2011, at a rate of $171.13 per hour for a total of $5,253.69 in attorneys' fees. Doc. Nos. 26 at 1. In the memorandum of law accompanying the Motion, Plaintiff's counsel indicates she calculated her hourly rate by adjusting for the cost of living increase as set by the Consumer Price Index for 2009. Doc. No. 26-1 at 3. Plaintiff's counsel also attaches a declaration and time log to support the hours she spent working on the case. Doc. No. 26-2. On November 16, 2011, the Commissioner filed its response indicating he "does not object to the amount of the award requested." Doc. No. 27 at 1. Thus, the Motion is unopposed.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the Supreme Court held that attorney's fees, pursuant to the EAJA are awarded to the "prevailing party" or the litigant rather than the litigant's attorney. Thus, an award of EAJA fees should be made to Plaintiff as the prevailing party. *Id.*

In compliance with *Ratliff*, it is **RECOMMENDED** that:

1. The Motion be **GRANTED** only to the extent that the Court awards EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $5,253.69;

2. The Motion otherwise be **DENIED**; and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December 7, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Party